BILL LIETZKE
GENERAL DELIVERY
135 CATOMA STREET
MONTGOMERY, ALABAMA 36104

RECEIVED
MAY 17 2019
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BILL LIETZKE, | ) CONSTITUTIONAL RIGHTS VIOLATIONS |
| | ) FIRST DEGREE KIDNAPPING |
| PLAINTIFF, | ) MALICIOUS PROSECUTION |
| | ) FALSE IMPRISONMENT |
| VS. | ) HARASSMENT |
| | ) |
| COUNTY OF MONTGOMERY, ET AL, | ) |
| REESE MCKINNEY, D. T. MARSHALL, | ) |
| | ) |
| DEFENDANTS. | ) |

1. Jurisdiction founded on the existence of a federal question and amount in controversy.

2. The action arises under the Constitution of the United States, Article III, Section II, as hereinafter more fully appears.

3. The amount in controversy exceeds, exclusive of interests and costs, the sum of $2,000,000,000.00

4. On or about August 2, 1999, without probable cause therefor, the County of Montgomery, Et Al through Montgomery sheriff's officers, trespassed the premises of 547 South Perry Street, Montgomery, Alabama where the Plaintiff was lawfully and legally residing, abducted, harassed, and kidnapped the Plaintiff from 547 South Perry Street and dragged the Plaintiff to Jackson Hospital, 1725 Pine Street, Montgomery, Alabama. Thereafter, the Plaintiff was incarcerated inside Jackson Hospital, 1725 Pine Street and could not leave.

5. On or August 9, 1999, the County of Montgomery, Et Al harassed and seized the Plaintiff again and dragged the Plaintiff without probable cause therefor from Jackson Hospital, 1725 Pine Street to Montgomery County Probate, 100 South Lawrence Street, Montgomery, Alabama. Thereafter, the County of Montgomery, Et Al

instituted unlawful proceedings motivated by malice in fact against the Plaintiff in the Montgomery County Probate without probable cause therefor.

6. On or about August 9, 1999, the County of Montgomery, Et Al harassed and seized the Plaintiff again and dragged the Plaintiff without probable cause therefor back to Jackson Hospital, 1725 Pine Street.

7. On or about August 11, 1999, the County of Montgomery, Et Al harassed and seized the Plaintiff again and dragged the Plaintiff without probable cause therefor to "Greil Memorial Psychiatric Hospital," 2140 Upper Wetumpka Road, Montgomery, Alabama where the Plaintiff was incarcerated and could not leave.

8. On or about August 2, 1999, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged thePlaintiff to Jackson Hospital, 1725 Pine Street, dragged the Plaintiff to Montgomery County Probate, 100 South Lawrence Street, and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al in the course of one unlawful act after another, procured the unlawful violation of the personal liberty of the Plaintiff, and procured the false imprisonment of the Plaintiff, for any appreciable time however brief. The County of Montgomery, Et Al, in a series of well coordinated unlawful acts and detentions, committed the NON-CONSENTUAL, intentional confinement of the Plaintiff without lawful privilege therefor, and for any appreciable time however brief. The County of Montgomery, Et Al purposely deprived the Plaintiff of freedom of movement by use of physical barrier and force and other total and complete unreasonable duress, without the Plaintiff's consent which harmed the Plaintiff, and such harm was substantially caused by the County of Montgomery, Et Al's conduct.

9. On or about August 2, 1999, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff to Jackson Hospital, 1725 Pine Street and dragged the Plaintiff to Montgomery County ᴺbate, 100 South Lawrence Street and dragged the Plaintiff to Greil Memorial

Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery Et Al in the course of one unlawful act after another, committed the crime of first degree kidnapping against the Plaintiff by knowingly restraining the Plaintiff with the intent to place the Plaintiff in resonable apprehension of imminent physical injury. In a series of well coordinated unlawful acts and detentions, the County of Montgomery, Et Al's restriction of the Plaintiff's movement intended to place the Plaintiff in reasonable fear of imminent physical injury. The County of Montgomery, Et Al's seizure and detention of the Plaintiff with any accompanying movement is necessarily sufficient to constitute first degree kidnapping, whether or not movement substantially increased risk of harm.

10. On or about August 2, 1999, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff to Jackson Hospital, 1725 Pine Street, dragged the Plaintiff to Montgomery County Probate, 100 South Lawrence Street, and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al, in the course of one unlawful act after another, violated the Plaintiff's Fourth Amendment rights under the United States Constitution

11. On or about August 2, 1999, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff to Jackson Hospital, 1725 Pine Street, dragged the Plaintiff to Montgomery County Probate, 100 South Lawrence Street, and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al in the course of one unlawful act after another, struck, shoved, kicked, and touched the Plaintiff and subjected the Plaintiff to multiple unlawful physical contacts.

12. On or about December 19, 2002, without probable cause therefor, the County of Montgomery, Et Al, Reese Mckinney, D.T. Marshall through Montgomery sheriff's officers, trespassed the premises of 547 South Perry Street in Montgomery, Alabama and abducted and kidnapped the Plaintiff from 547 South Perry Street, Apt. 10, the

Plaintiff's lawful and legal residence, and dragged the Plaintiff from 547 South Perry Street to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama. Thereafter, the Plaintiff was incarcerated inside Greil Memorial Psychiatric Hospital and could not leave.

13. On or about December 23, 2002, the County of Montgomery, Et Al harassed and seized the Plaintiff and dragged the Plaintiff without probable cause therefor from Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road to Montgomery County Probate, 100 South Lawrence Street, Montgomery, Alabama. Thereafter, the County of Montgomery, Et Al instituted unlawful proceedings motivated by malice in fact against the Plaintiff in the Montgomery County Probate without probable cause therefor.

14. On or about December 23, 2002, the County of Montgomery, Et Al harassed and seized the Plaintiff again and dragged the Plaintiff without probable cause therefor from Montgomery County Probate, 100 South Lawrence Street back to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road where the Plaintiff was incarcerated and could not leave.

15. On or about December 19, 2002, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al, in a series of well coordinated unlawful acts and detentions, committed the NON-CONSENTUAL, intentional confinement of the Plaintiff without lawful privilege therefor, and for any appreciable time however brief. The County of Montgomery, Et Al purposely deprived the Plaintiff of freedom of movement by use of physical barrier and force and other total and complete unreasonable duress, without the Plaintiff's consent which harmed the Plaintiff, and such harm was substantially caused by the County of Montgomery, Et Al's conduct. The County of Montgomery, Et Al, in the course of one unlawful act after another, procured the unlawful violation of the personal liberty of the Plaintiff, and procured the false imprisonment of the Plaintiff for any appreciable time, however brief.

16. On or about December 19, 2002, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al, in the course of one unlawful act after another, committed the crime of first degree kidnapping against the Plaintiff by know restraining the Plaintiff with the intent to place the Plaintiff in reasonable apprehension of imminent physical injury. In a series of well coordinated unlawful acts and detentions, the County of Montgomery, Et Al's restriction of the Plaintiff's movement intended to place the Plaintiff in reasonable fear of imminent physical injury. The County of Montgomery, Et Al's seizure and detention of the Plaintiff with any accompanying movement is necessarily sufficient to constitute first degree kidnapping, whether or not movement substantially increased risk of harm.

17. On or about December 19, 2002, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al in the course of one unlawful act after another, violated the Plaintiff's Fourth Amendment rights under the United States Constitution.

18. On or about December 19, 2002, when the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause therefor and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, the County of Montgomery, Et Al in the course of one unlawful act after another struck, shoved, kicked, and touched the Plaintiff and subjected the Plaintiff to multiple unlawful physical contacts.

19. As a proximate consequence of the Defendants' acts, the Plaintiff suffered mental auguish, deprivation of constitutional rights, and intentional infliction of emotional distress.

WHEREFORE, the Plaintiff demands judgment against the Defendants Punitive, Actual, and Compensatory damages of $3,000,000,000.00

```
 1  BILL LIETZKE
    GENERAL DELIVERY
 2  135 CATOMA STREET
    MONTGOMERY, ALABAMA  36104
 3
 4              IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF ALASKA
 5
 6  BILL LIETZKE,              ) CASE NO.
                               )
 7       PLAINTIFF,            )
                               )
 8  VS.                        )
                               )
 9  COUNTY OF MONTGOMERY, ET AL,)
    REESE MCKINNEY, D. T. MARSHALL,)
10                             )
         DEFENDANTS.           )
11
12            PLAINTIFF'S FIRST SET OF INTERROGATORIES
```

Plaintiff Bill Lietzke demands Defendants County of Montgomery, Et Al, Reese Mckinney, D. T. Marshall to answer the following written Interrogatories and Complaint under oath and in accordance with Rule 33 of the Federal Rules of Civil Procedure. Defendants shall written answers thereto in the United States District Court for the District of Alaska in 21 days after the filing of the Interrogatories and Complaint. Failure of Defendants to file written answers to the Interrogatories and Complaint within 21 days after the filing of the case constitutes contempt of court. District of Alaska enters DEFAULT JUDGMENT against Defendants and assesses fines for $500,000,000.00, pursuant to Rule 55 of the Federal Rules of Civil Procedure. District of Alaska imposes prison sentences of 10 years against Defendants in Alaska's maximum security state prison. Interrogatories and Complaint shall be addressed to the Defendants and all answers shall reflect the cumulative knowledge of the Defendants and any servants, agents, and employees thereof.

The Plaintiff demands the Defendants to produce and identify, specifically and in a form suitable for use in a subpoena, all original documents, original records, and all other written materials containing, setting forth, or in reference to the

information provided in answering the Interrogatories and Complaint. Defendants must produce and identify original documents and records. Computer print outs of lists and data and photocopies of documents and records are unacceptable.

1. What is the organizational structure of the State of Alabama Montgomery County Sheriff's Department for the following years: 1998, 1999, 2000, 2001, 2002, 2003, and 2004? Describe in full detail the State of Alabama Montgomery County Sheriff's Department's organizational for the following years: 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

2. State the full legal names, the full legal residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of Montgomery Defendants who trespassed 547 South Perry Street, Montgomery, Alabama, abducted, harassed, and kidnapped the Plaintiff from 547 South Perry Street and dragged the Plaintiff to Jackson Hospital, 1725 Pine Street, Montgomery, Alabama on August 2, 1999.

3. State the full legal names, the full legal residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of Montgomery Defendants who dragged the Plaintiff from Jackson Hospital, 1725 Pine Street to Montgomery County Probate, 100 South Lawrence Street, Montgomery, Alabama on August 9, 1999.

4. State the full legal names, the full legal residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of montgomery Defendants who dragged the Plaintiff from Montgomery County Probate, 100 South Lawrence Street back to Jackson Hospital, 1725 Pine Street on August 9, 1999.

5. State the full legal names, the full legal, residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of Montgomery Defendants who dragged the Plaintiff from Jackson Hospital, 1725 Pine Street to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama on August 11, 1999.

6. State the unlawful purposes of the County of Montgomery Defendants for the unlawful act of abducting and kidnapping the Plaintiff from 547 South Perry Street, Montgomery, Alabama on August 2, 1999.

7. State all inappropriate medications, improper medical care, and multiple unlawful physical contacts that subsequently followed the Plaintiff's kidnapping, false imprisonment, and incarceration into Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, on August 2, 1999.

8. State the full legal names, the full legal residences, the races, the sexes, the job description, the place of employment, and the telephone numbers including area codes of the African-american women who photographed and fingerprinted the Plaintiff without the Plaintiff's permission subsequently following the Plaintiff's kidnapping, false imprisonment, and incarceration into Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road on August 2, 1999.

9. State the full legal names, the full legal residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of Montgomery Defendants who trespassed 547 South Perry Street, Montgomery, Alabama, abducted, harassed, and kidnapped the Plaintiff from 547 South Perry Street and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road, Montgomery, Alabama on December 19, 2002.

10. State the full legal names, the full legal residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of Montgomery Defendants who dragged the Plaintiff from Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road to Montgomery County Probate, 100 Lawrence Street, Montgomery, Alabama on December 23, 2002.

11. State the full legal names, the full legal residences, the races, the sexes, the badge numbers, the position titles, and if applicable the promotions of the County of Montgomery Defendants who dragged the Plaintiff from Montgomery County Probate, 100 Lawrence Street back to Greil Memorial Psychiatric, 2140 Upper Wetumpka on Dec. 23, 2002.

12. State the unlawful purposes of the County of Montgomery Defendants for the unlawful act of abducting and kidnapping the Plaintiff from 547 South Perry Street, Montgomery, Alabama on December 19, 2002.

13. State all inappropriate medications, improper medical care, and multiple unlawful physical contacts that subsequently followed the Plaintiff's kidnapping, false imprisonment, and incarceration into Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road on December 19, 2002.

14. State the full legal names, the full legal residences, the races, the sexes, the job description, the place of employment, and the telephone numbers including area codes of the African-american women who photographed and fingerprinted the Plaintiff without the Plaintiff's permission subsequently following the Plaintiff's kidnapping, false imprisonment, and incarceration into Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road on December 19, 2002.

Submitted for filing this May 10, 2019

_[signature]_
General Delivery
135 Catoma Street
Montgomery, Alabama 36104



U.S. POSTAGE PAID
FCM LG ENV
MONTGOMERY, AL
36104
MAY 13, 19
AMOUNT
**$1.45**
R2305M147415-01

BILL LIETZKE
GENERAL DELIVERY
135 CATOMA STREET
MONTGOMERY, ALABAMA  36104

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
222 WEST 7TH AVENUE, BOX 4
ANCHORAGE, ALASKA  99513