# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BILL LIETZKE,

                        Plaintiff,

      v.

COUNTY OF MONTGOMERY, *et al*,
REESE McKINNEY, D.T. MARSHALL

                       Defendants.

Case No. 3:19-cv-00141-TMB

## ORDER OF DISMISSAL

On May 17, 2019, self-represented litigant Bill Lietzke filed a complaint titled "Constitutional Rights Violations First Degree Kidnapping Malicious Prosecution False Imprisonment Harassment" with an exhibit labeled "Plaintiff's First Set of Interrogatories," along with a civil cover sheet and a Motion to Proceed In Forma Pauperis.[1] The complaint names the "County of Montgomery, et al, Reese McKinney, D.T. Marshall" as defendants.[2] Additionally, the cover sheet indicates that the complaint presents a federal question under 42 U.S.C. § 1983 and describes the cause as "FIRST DEGREE KIDNAPPING, FALSE IMPRISONMENT, HARASSMENT."

---

[1] Dockets 1-3.

[2] Docket 2.

The complaint alleges that in five separate incidents the County of Montgomery improperly seized Mr. Leitzke.[3] The complaint alleges that on August 2, 1999, the County of Montgomery seized Mr. Lietzke without probable cause and took him to Jackson Hospital, Montgomery County Probate, and Greil Memorial Psychiatric Hospital. He further alleges that in the course of this conduct he was subjected to unlawful physical contact. The complaint also alleges that on August 9, 1999, the County seized Mr. Lietzke without probable cause and took him to Jackson Hospital and on August 11, 1999 the County of Montgomery seized and incarcerated him at Greil Memorial Psychiatric Hospital. The complaint alleges that on December 19, 2002, all of the named defendants trespassed, seized, kidnapped, and committed Mr. Leitzke to Greil Memorial Psychiatric Hospital. Lastly, the complaint alleges that on December 23, 1999, the County seized him without probable cause and once again unlawfully took him to Greil Memorial Hospital and Montgomery County Probate. Mr. Lietzke contends that these incidents violated his rights under the Fourth Amendment of the U.S. Constitution and that he suffered "mental anguish" and "intentional infliction of emotional distress."

---

[3] *See* Docket 1.

3:19-cv-00141-TMB, *Lietzke v. County of Montgomery, et al.*
Order to Dismiss
Page 2 of 9
Case 3:19-cv-00141-TMB   Document 7   Filed 06/11/19   Page 2 of 9

For relief, Mr. Lietzke requests "Punitive, Actual, and Compensatory damages of $3,000,000,000.00."[4]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking IFP status.[5] In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[6]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[7] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and

---

[4] Docket 1 at 2.

[5] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that the relevant law, 28 U.S.C. § 1915(e) "applies to all [IFP] complaints," and not just those filed by prisoners).

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

3:19-cv-00141-TMB, *Lietzke v. County of Montgomery, et al.*
Order to Dismiss
Page 3 of 9
Case 3:19-cv-00141-TMB   Document 7   Filed 06/11/19   Page 3 of 9

give the plaintiff the benefit of the doubt.[8]  Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[9]

## DISCUSSION

Mr. Lietzke's complaint alleges that he was seized without probable cause, subjected to unwanted physical contact, and improperly incarcerated.  The complaint fails to establish personal jurisdiction over the defendants and is filed in the incorrect venue.  Additionally, Mr. Lietzke has filed these allegations in several district courts, therefore making the complaint frivolous.  In this case, amendment would be futile; therefore, leave to amend will not be permitted.

### Personal Jurisdiction

The Court must have personal jurisdiction over the parties.  Personal jurisdiction is "[a] court's power to bring a person into its adjudicative process."[10]  Under the Rules of Civil Procedure, personal jurisdiction may be established over

---

[8] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[9] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[10] *Black's Law Dictionary* (10th ed. 2014).

3:19-cv-00141-TMB, *Lietzke v. County of Montgomery, et al.*
Order to Dismiss
Page 4 of 9
Case 3:19-cv-00141-TMB   Document 7   Filed 06/11/19   Page 4 of 9

a defendant who is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."[11] If the defendant is located out-of-state, the United States Constitution requires that a defendant must have a minimum level of contacts with the state in which the federal court is located in order for that court to be authorized to hear the case.[12] A plaintiff must show that an out-of-state defendant had sufficient minimum contacts with and in Alaska necessary as not to offend the "traditional notices of fair play and substantial justice."[13]

The complaint articulates that the events at issue occurred in Montgomery. The Court presumes this is Montgomery, Alabama, as there is no Montgomery, Alaska. Additionally, the address provided for the First Baptist Church Montgomery is located in Alabama. Moreover, Mr. Lietzke attempts to use Neveda state law to justify this Court's exercise of personal jurisdiction. Nevada state law does not apply here. The complaint does not establish any events or contacts that

---

[11] Fed. R. Civ. P. Rule 4(k)(1)(A).

[12] *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310 (1945).

[13] *Int'l Shoe*, 326 U.S. at 316 (citation and internal quotation marks omitted). Alaska's long-arm statute, AS 09.05.015(c), "authorizes Alaska's courts 'to assert jurisdiction to the maximum extent permitted by due process.'" *Polar Supply Co., Inc. v. Steelmaster Industries, Inc.*, 127 P.3d 54, 56 (Alaska 2005) (citations omitted). "As the United States Supreme Court explained in *International Shoe Co. v. Washington,* due process requires that a defendant have 'minimum contacts' with the forum state such that maintaining a suit in the forum state 'does not offend 'traditional notions of fair play and substantial justice.'" *In re Fields*, 219 P.3d 995, 1008 (Alaska 2009) (quoting *International Shoe*, 326 U.S. at 316).

3:19-cv-00141-TMB, *Lietzke v. County of Montgomery, et al.*
Order to Dismiss
Page 5 of 9
Case 3:19-cv-00141-TMB   Document 7   Filed 06/11/19   Page 5 of 9

would give defendants reasonable notice of this Court's jurisdiction. Due to this lack of contacts, it would offend the traditional notices of fair play and justice for this Court to assert jurisdiction. Therefore, this Court has no personal jurisdiction over the defendants, and the complaint must be dismissed.

Venue

A civil action must also be brought in the proper venue in order for a district court to have proper jurisdiction.[14] In general, a civil lawsuit is properly filed in "(1) a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located," (2) where "a substantial part of the events or omissions giving rise to the claim occurred," or (3) if there is no other district where the suit can be brought then in a judicial district where "any defendant is subject to the court's personal jurisdiction."[15]

Accordingly, none of the defendants reside in the District of Alaska, nor do the alleged events take place in the District of Alaska. Lastly as discussed above, this Court does not have personal jurisdiction over any of the defendants. Thusly, this action is not filed in the proper venue and must be dismissed.

---

[14] 28 U.S.C. § 1391.

[15] 28 U.S.C. § 1391(b).

3:19-cv-00141-TMB, *Lietzke v. County of Montgomery, et al.*
Order to Dismiss
Page 6 of 9
Case 3:19-cv-00141-TMB   Document 7   Filed 06/11/19   Page 6 of 9

Frivolous Lawsuits

In accordance with federal law, a court must dismiss a case "at any time if the court determines that the action or appeal is frivolous or malicious."[16] The term frivolous, or frivolous as a matter of law, is a legal term. It means that a case or complaint "lacks an arguable basis in either in law or in fact."[17] When a court evaluates for whether a complaint is frivolous, it must "pierce the veil of the complaint's factual allegations to determine whether they are fanciful, fantastic, or delusional."[18] Additionally, a complaint may be frivolous if it merely repeats pending or previously litigated claims."[19]

Mr. Lietzke has frequently attempted to litigate his allegations against the County of Montgomery, Reese McKinney, and D.T. Marshall. A search of federal dockets reveals Mr. Lietzke has filed numerous complaints in numerous districts in Alabama, Arizona, California, Idaho, Iowa, Maine, Massachusetts, Michigan, Minnesota, Montana, Nebraska, Nevada, New York, North Dakota, South Dakota, Texas, Utah, Washington, and Wyoming.[20] As such, Mr. Leitzke's action is

---

[16] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

[17] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[18] *Neitzke*, 490 U.S. at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[19] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

[20] *See Lietzke v. County of Montgomery, et al.*, 2:17-cv-00714, 2:17-cv-00674 (M.D. Ala. 2017); *Lietzke v. County of Montgomery, et al.*, 2:07-cv-00943, 2:07-cv-00814 (M.D. Ala. 2007); *Lietzke v. County of Montgomery, et al.*, 2:14-cv-00788 (D. Ariz. 2014); *Lietzke v. County of Montgomery, et al.*, 2:17-cv-09233 (C.D. Cal. 2017); *Lietzke v. County of*

3:19-cv-00141-TMB, *Lietzke v. County of Montgomery, et al.*
Order to Dismiss
Page 7 of 9
Case 3:19-cv-00141-TMB   Document 7   Filed 06/11/19   Page 7 of 9

frivolous because it merely repeats previously litigated claims. Therefore, the complaint must be dismissed with prejudice for frivolousness.

## Futility of Amendment

Mr. Lietzke's complaint lacks personal jurisdiction and venue. Under the facts alleged, Mr. Lietzke is unable to establish personal jurisdiction over the defendants. Additionally, Mr. Lietzke has previously litigated these claims in several jurisdictions making them frivolous. Therefore, amendment is futile.

**IT IS THEREFORE ORDERED:**

1. The Complaint is **DISMISSED WITH PREJUDICE** for lack of personal jurisdiction, frivolousness, and the futility of amendment.

2. The Application to Proceed in District Court without Prepaying Fees of Costs at Docket 3 is **DENIED AS MOOT**.

---

*Montgomery, et al.*, 4:17-cv-07242 (N.D. Cal. 2017); *Lietzke v. County of Montgomery, et al.*, 1:12-cv-00145 (D. Idaho 2012); *Lietzke v. County of Montgomery, et al.*, 4:17-cv-00014 (S.D. Iowa 2017); *Lietzke v. County of Montgomery, et al.*, 2:17-cv-00329 (D. Me. 2017); *Lietzke v. County of Montgomery, et al.*, 1:717-cv-11649 (D. Mass. 2017); *Lietzke v. County of Montgomery, et al.*, 2:17-cv-12922 (E.D. Mich. 2017); *Lietzke v. County of Montgomery, et al.*, 0:07-cv-03007 (D. Minn. 2007); *Lietzke v. County of Montgomery, et al.*, 6:15-cv-00007 (D. ont. 2015); *Lietzke v. County of Montgomery, et al.*, 4:16-cv-03021 (D. Neb. 2016); *Lietzke v. County of Montgomery, et al.*, 3:17-cv-00075 (D. Nev. 2017); *Lietzke v. County of Montgomery, et al.*, 3:14-cv-00197, 3:14-cv-00176 (D. Nev. 2014); *Lietzke v. County of Montgomery, et al.*, 1:07-cv-08511 (S.D.N.Y. 2007); *Lietzke v. County of Montgomery, et al.*, 1:16-cv-00312 (D.N.D. 2016); *Lietzke v. County of Montgomery, et al.*, 5:17-cv-05005 (D.S.D. 2017); *Lietzke v. County of Montgomery, et al.*, 3:13-cv-04468 (N.D. Tex.); *Lietzke v. County of Montgomery, et al.*, 2:12-cv-00268 (D. Utah 2012); *Lietzke v. County of Montgomery, et al.*, 2:07-cv-01061 (W.D. Wash. 2007); *Lietzke v. County of Montgomery, et al.*, 2:15-cv-00032 (D. Wyo. 2015).

3:19-cv-00141-TMB, *Lietzke v. County of Montgomery, et al.*
Order to Dismiss
Page 8 of 9
Case 3:19-cv-00141-TMB   Document 7   Filed 06/11/19   Page 8 of 9

3. The Clerk of Court is directed to enter a Final Judgment in this case.

DATED at Anchorage, Alaska this 11th day of June, 2019.

*/s/ Timothy M. Burgess*
TIMOTHY M. BURGESS
United States District Judge

3:19-cv-00141-TMB, *Lietzke v. County of Montgomery, et al.*
Order to Dismiss
Page 9 of 9
Case 3:19-cv-00141-TMB   Document 7   Filed 06/11/19   Page 9 of 9